UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PENNY JO HUMMEL,

        Plaintiff,

    v.                                       Case No. 17-C-1405

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

## ORDER GRANTING MOTION FOR ATTORNEY FEES

       This case is before the court for review of Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b). Pursuant to the parties' stipulations, this court remanded the issue of denial of benefits for further administrative proceedings and awarded attorney fees of $6,283.70. Dkt. No. 25. Those fees were awarded to Plaintiff to satisfy pre-existing debts per the order. *See id.* On remand, the ALJ issued a favorable decision and Plaintiff was awarded past due benefits and Plaintiff's attorney received $6,000 in administrative fees. The Notice of Award letter dated February 25, 2020 was incomplete and did not reference Plaintiff's past-due benefits, did not include a chart, and did not refer to attorney fees. Upon request for clarification by Plaintiff's counsel, the SSA Office of General Counsel ("OGC") responded that the past due benefits for Plaintiff and her minor child totaled $138,352, with the amount withheld of $34,588.50 in anticipation of an authorized fee agreement of 25 percent, and an authorized fee of $6,000.00. The OGC noted that after the windfall offset of $34,401 is applied to the child's benefits, only $11,710 remained. Therefore, a revised total of $103,953 should be used as the basis for calculation of fees, resulting in a 25 percent authorized fee amount of $25,988.25. Dkt. No. 26-1.

Plaintiff's counsel now requests that the court approve the 25 percent contingent fee of $25,988.25 as reasonable and requests that the outstanding balance of $19,988.25 ($25,988.25 minus the $6,000.00 previously awarded) be ordered paid out of past-due benefits due to Plaintiff. The Commissioner has not filed a brief in opposition to Plaintiff's motion.

This is a case involving the award and collection of fees by attorneys for the representation in court of claimants seeking social security disability benefits. 42 U.S.C. § 406(b). A court may allow as part of its judgment "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). If the contingent-fee agreement is within § 406(b)'s 25 percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Here, Plaintiff's counsel's request for the 25 percent contingent fee appears reasonable based upon the services rendered in this case. Counsel represented Plaintiff in the civil action, which has resulted in an award of past-due benefits of $103,953 for Plaintiff and her minor child. Counsel also provided a detailed accounting of the work done on this case. *See* Dkt. No. 26-3. No opposition to the request has been filed to suggest that the fee sought is unreasonable. In light of the evidence before the court, I am satisfied that counsel's fee request is reasonable.

THEREFORE, IT IS HEREBY ORDERED that, pursuant to 42 U.S.C. § 406(b), Plaintiff's motion for attorney's fees (Dkt. No. 26) is **GRANTED**. Plaintiff's counsel is entitled to the outstanding balance of allowable attorney fees in the amount of $19,998.25.

Dated at Green Bay, Wisconsin this 17th day of September, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

Case 1:17-cv-01405-WCG   Filed 09/17/20   Page 2 of 2   Document 27